UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK MARINE INTERNATIONAL SERVICES LTD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TILMAN ENTERPRISES INC., et al.,<br><br>　　　　Defendants. | Case No. 18-cv-00693-BLF<br><br>**ORDER GRANTING NKD MARITIME, LTD'S UNOPPOSED MOTION TO INTERVENE; VACATING HEARING SCHEDULED FOR APRIL 12, 2018 AT 9:00 A.M.**<br><br>[Re: ECF 24] |

　　　　Before the Court is Plaintiff-in-Intervention NKD Maritime Limited's ("NKD") unopposed motion for leave to intervene pursuant to Federal Rule of Civil Procedure 24. *See* ECF 24. NKD and Plaintiff Jack Marine International Services, Limited ("Jack Marine") have also filed a stipulated request pursuant to Local Rule 6-2(a) for an order shortening time for the Court's decision on NKD's motion for leave to intervene. *See* ECF 25.

　　　　Pursuant to Civil Local Rule 7-1(b), the Court finds NKD's unopposed motion for leave to intervene suitable for submission without oral argument and hereby VACATES the hearing scheduled for April 12, 2018 at 9:00 A.M. For the reasons that follow, the Court GRANTS NKD's motion to intervene.

　　　　Under Rule 24(a)(2), a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under Rule 24(b), a court may permit anyone to intervene who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

NKD moves to intervene as of right pursuant to Rule 24(a)(2), and in the alternative, for permissive intervention under Rule 24(b). *See* ECF 24-1 ("Mem. P&A"), at 6. The Ninth Circuit instructs this Court to apply a four-part test under Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817–18 (9th Cir. 2001) (citing *Northwest Forest Resource Council* ("*NFRC*") *v. Glickman,* 82 F.3d 825, 836 (9th Cir. 1996)).

In general, Rule 24(a) is construed liberally in favor of potential intervenors. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818. In addition to mandating broad construction, the Court's review is "guided primarily by practical considerations," not technical distinctions. *Id.* (citing *United States v. Stringfellow,* 783 F.2d 821, 826 (9th Cir. 1986), *vacated on other grounds sub nom. Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987)).

The Court finds that NKD satisfies each of the four criteria to intervene under Rule 24(a). First, NKD's motion to intervene is timely. The Ninth Circuit has held that "[t]imeliness is a flexible concept; its determination is left to the district court's discretion." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citing *Dilks v. Aloha Airlines,* 642 F.2d 1155, 1156 (9th Cir. 1981). Courts weigh three factors in determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002). Here, NKD moves to intervene within five (5) weeks of Jack Marine's filing of this action on January 31, 2018, and before any Defendants have been served or appeared in this case. *See* ECF 1, 11-13. The Court has not yet held its initial Case Management Conference, which is set for May 3, 2018. ECF 22. Moreover, Jack Marine has consent to NKD's intervention, which further supports the timeliness of the motion. *See* Mem. P&A at 7.

Second, NKD has shown a "significantly protectable" interest relating to the property or transaction that is the subject of the action. "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998)). Here, NKD has shown that it has a significant, legally cognizable interest in the property that is the subject of this action. Specifically, Jack Marine asserts rights in Defendants' funds deposited in certain bank accounts at the Silicon Valley Bank branch in Santa Clara. Mem. P&A at 2. This Court's determination of Jack Marine's rights to those funds will impact NKD's ability to recover its deposit and damages from Defendants in the London arbitrations that NKD seeks to compel. *Id*. As NKD explains, Defendants' funds in Silicon Valley Bank can provide security for NKD's claims. *Id*. at 8.

The Court agrees with NKD that the potential disposition of NKD's property to another creditor (Jack Marine) gives NKD a significant and legally cognizable interest in this action supporting intervention as of right under Rule 24(a)(2). For these same reasons, the Court also finds that NKD is so situated such that the disposition of this action may, as a practical matter, impair or impede NKD's ability to protect its interest in the funds in the Silicon Valley Bank accounts at issue. *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 817.

Finally, NKD has also shown that Jack Marine—the existing party in the lawsuit—would not adequately represent NKD's interests absent intervention. Mem. P&A at 8-9. This fourth requirement of Rule 24(a) is satisfied if NKD can show that representation of its interest "may be" inadequate, and the Supreme Court instructs that "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972) (citing 3B J. Moore, Federal Practice 24.09—1 (4) (1969)). The Court considers three factors in determining the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*,

3

324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (citing *California v. Tahoe Reg'l Planning Agency,* 792 F.2d 775, 778 (9th Cir. 1986)). The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties. *Arakaki*, 324 F.3d at 1086 (citing 7C Wright, Miller & Kane, § 1909, at 318 (1986)).

NKD persuasively argues that Jack Marine has no interest in NKD's vessel purchase contracts with Defendants, or any equivalent interest that would adequately protect NKD's own interests in recovering NKD's deposit and damages from Defendants. Mem. P&A at 2, 9. Jack Marine does not oppose NKD's motion to intervene, and therefore does not dispute this argument. The Court finds that NKD's interests are not comparable to those of Jack Marine, and Jack Marine's representation of NKD's interest would not be adequate. Thus, NKD has shown that it is entitled to intervene in this action as of right pursuant to Rule 24(a)(2). NKD has also shown that permissive intervention is warranted pursuant to Rule 24(b).

For the foregoing reasons, NKD's motion to intervene pursuant to Rule 24 is GRANTED. NKD is hereby ORDERED to separately file its Complaint in Intervention in the record **on or before March 16, 2018.**[1] NKD shall serve copies of this Order as well as the filed Complaint in Intervention on Defendants according to Federal and Local Rules.

**IT IS SO ORDERED.**

Dated: March 12, 2018

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The filed Complaint in Intervention must be the same as NKD's Proposed Complaint submitted to this Court in connection with its motion to intervene as Exhibit A to the declaration of Jonathan W. Thames. *See* ECF 24-2, Exh. A.

4